# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA (At Charlotte)

| | |
|---|---|
| THE AUTO CLUB GROUP, formerly known as CAROLINA MOTOR CLUB INC., <br>     Plaintiff, <br><br> v. <br><br> PALMETTO TOWING & RECOVERY OF HILTON HEAD LLC, also known as PALMETTO TOWING & RECOVERY OF HHI LLC, <br>     Defendant. | File No. 3:24-cv-136 <br><br><br><br> **COMPLAINT** <br><br> **JURY DEMANDED** |

The Auto Club Group, formerly known as Carolina Motor Club Inc. (and hereafter referred to as "Plaintiff"), by counsel, respectfully seeks judgment in its favor and against Palmetto Towing & Recovery of Hilton Head LLC ("Palmetto"), on account of Palmetto's breach of a contract it entered into with Plaintiff, and its unjust enrichment, for these reasons:

## PARTIES, JURISDICTION AND VENUE

1. The Auto Club Group is a Michigan nonprofit corporation, headquartered at 1 Auto Club Drive, Dearborn, Michigan. On or around December 31, 2022, The Auto Club Group and Carolina Motor Club Inc. merged, with The Auto Club Group being the surviving corporation. Carolina Motor Club Inc. was formerly a North Carolina nonprofit corporation, which maintained its corporate headquarters at 3426 Toringdon Way, Suite 300, Charlotte, North Carolina.

2. Palmetto Towing & Recovery of Hilton Head LLC is a South Carolina limited liability company, which maintains its corporate headquarters at 30 Hunter Road, Hilton Head, South Carolina. Its registered agent, and owner, is Joshua Sigler, who maintains his office at 38 Sugar Maple Street, Bluffton, South Carolina; on information and belief, Mr. Sigler resides at the same address. It is identified in the "Emergency Road Service Independent Contractor Agreement" at issue in this case (Exhibit A) as "Palmetto Towing and Recovery of HHI LLC."

1

3. This Court has diversity jurisdiction, pursuant to 28 U.S.C. §1332(a), in that (a) Plaintiff was formerly a North Carolina citizen and is now a Michigan citizen, (b) Palmetto is a South Carolina citizen, and (c) the matter in controversy is at least $107,455.48.

4. Venue is proper in this Court under 28 U.S.C. §1391, for the contract at issue in this case was entered into in Mecklenburg County, North Carolina. (*See* Exhibit A at 1 (Preamble) and at 8 (¶16(e)).) Thus, a substantial part of the events giving rise to the claim occurred in this District.

**FACTS**

5. The contract at issue (Exhibit A) was entered into by Plaintiff (under its former corporate identity) and Palmetto on November 11, 2019. Under it, Palmetto would provide emergency road services to members of Plaintiff, and also to members of other clubs affiliated with the American Automobile Association.

6. Due to overpayments, Palmetto received $184,685 more than it was entitled to under the contract. This was discovered through an audit performed in and around January 2022 by Plaintiff, as shown by e-mail discussions between Kathy Sigler (of Palmetto) and Francisco Vega (of Plaintiff) around that time. (*See* Exhibit B.)

7. After the overpayment amount was adjusted downwards to $164,785 on account of application of a credit to Palmetto's account, Ms. Sigler wrote to Mr. Vega on January 26, 2022 and said that "we are still going through some things. We can do $1000.00 per week deduction and we will work to find a way to pay more once we have our accountant go through our finances." (Exhibit B at 1.)

8. In response, Mr. Vega wrote to Ms. Sigler on January 27, 2022 and said that,

> per your request below, we will start $1,000.00 weekly deductions, effective pay period 1/31/2022. We will need to work to a full repayment in 2022. In good faith and because of our partnership we will follow-up in two weeks for an update and need final payment resolution by March 1st, 2022. Final

2

resolution would include full repayment arrangements to repay the overpayment by end of 2022.

(*Id.*)

9. Ms. Sigler accepted this proposal, through a response e-mail sent on January 28, 2022. (*Id.*)

10. Payments of $1,000 per week were made pursuant to Ms. Sigler's agreement from January 31, 2022 until on or around August 5, 2022.

11. On August 5, 2022, Palmetto ceased serving AAA emergency calls. (*See* Exhibit C.)

12. On August 8, 2022, Joshua Sigler sent a text message to Plaintiff, saying the following:

> We will continue with $55 base rate for tows and 2.50 enroute and 3.50 towed. Light service 45 plus 2.50 enroute. My base commercial rate is $104.50 aaa has got to get in the game and provide for their providers. I will also dump other roadsides to put you primary first in line. You and I both know our service is outstanding. And would happily continue at a higher rate if not then I guess this is goodbye.

(Exhibit C at 1.)

13. This text message, and the termination of the contract, was acknowledged in a letter sent by Mr. Vega to Mr. Sigler on August 22, 2022. (Exhibit C.) In that letter, Mr. Vega demanded full repayment of the amount owed to Plaintiff, as follows:

> As you are aware, Palmetto Towing currently has an outstanding overpayment balance owed of $134,207. This amount was calculated as follows: the initial overpayment balance was $184,685. An initial repayment of $19,900 was applied on 12/16/2021. You also agreed to pay $1,000 per weekly pay period starting January 31, 2022 and the club would retain any monthly Pay for Performance incentive dollars earned with agreement to repay in full by the end of 2022. As of August 10, 2022, Palmetto Towing current owes $134,207, less amounts outstanding for payment of $26,751.52. This amount will be further offset with any additional monies owed. Please take immediate action to repay the

3

outstanding overpayment balance of $107,455.48 as soon as possible and not later than 10 days from the date of this letter.

(*Id.*)

14. Palmetto did not make the repayment requested in Mr. Vega's letter.

15. A further letter demanding payment was sent by counsel for Plaintiff to Mr. Sigler on August 28, 2023. (<u>Exhibit D</u>.) In it, the repayment of the $107,455.48 left outstanding was demanded by September 15, 2023.

16. As of the filing of this complaint, the requested repayment has not been made.

## COUNT ONE – BREACH OF CONTRACT

17. Plaintiff incorporates paragraphs 1-16 by this reference.

18. <u>Exhibit A</u> is a valid and enforceable contract between Plaintiff and Palmetto.

19. Plaintiff did not breach the contract with Palmetto.

20. The contract between Plaintiff and Palmetto was modified by the exchange of e-mails between Mr. Vega and Ms. Sigler in January 2022, such that Palmetto agreed to pay Plaintiff $1,000 per week until the entire amount owed to Plaintiff ($164,785) was repaid. (<u>Exhibit B</u>.)

21. Consideration for this modification was given and received, in the form of payments by Palmetto to Plaintiff of $1,000 per week, from on or around January 31, 2022 to on or around August 5, 2022.

22. The repayment of $107,455.48 to Plaintiff, by Palmetto, remains outstanding.

23. Demand for repayment has been made, but has been refused. (<u>Exhibits C & D</u>.)

24. Consequently, Palmetto is in breach of its contract with Plaintiff.

WHEREFORE, Plaintiff respectfully seeks judgment in its favor, in the amount of $107,455.48, plus costs and interest as allowed by law.

## COUNT TWO – UNJUST ENRICHMENT

25. Plaintiff incorporates paragraphs 1-16 by this reference.

26. Through the overpayments it made, Plaintiff conferred a benefit upon Palmetto to which it was not entitled.

27. The overpayments were not made gratuitously, and were not made as a means to unjustifiably interfere with Palmetto's business.

28. Palmetto has benefitted unjustly from the overpayments, in the present amount of $107,455.48, and has consciously accepted that benefit.

29. Consequently, Palmetto has damaged Plaintiff in the amount of $107,455.48; equity requires that this money be repaid to Plaintiff.

WHEREFORE, Plaintiff respectfully seeks judgment in its favor, in the amount of $107,455.48, plus costs and interest as allowed by law.

Respectfully submitted,

THE AUTO CLUB GROUP, formerly known as CAROLINA MOTOR CLUB INC.

/s/ Susan H. Briggs
Susan H. Briggs (No. 21132)
Quintairos Prieto Wood & Boyer PA
1515 Mockingbird Lane, Suite 400
Charlotte, North Carolina 28209
(980) 423-1550
(980) 423-1551 (fax)
susan.briggs@qpwblaw.com

*Pro hac vice admission applied for –*
Edward F. Ruberry (ed.ruberry@ruberry-law.com)
Edward D. Mizera (edward.mizera@ruberry-law.com)
Ruberry, Stalmack & Garvey, LLC
300 S. Wacker Drive, Suite 3250
Chicago, Illinois 60606
(312) 466-8050
(312) 466-8055 (fax)
*Counsel for Plaintiff*